# EXHIBIT A

EXHIBIT "A"

1  Humberto M. Guizar, Esq., (SBN 125769)
     *hguizar@ghclegal.com*
2  Kent M. Henderson, Esq., (SBN 139530)
     *hendolaw@gmail.com*
3  Angel Carrazco, Esq., (SBN 230845)
     *angel@carrazcolawapc.com*
4  Christian Contreras, Esq., (SBN 330269)
     *ccontreras@ghclegal.com*
5  **GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
   3500 W. Beverly Blvd.,
6  Los Angeles, California 90640
   Telephone: (323) 725-1151
7  Facsimile: (323) 597-0101

8  Attorneys for Plaintiffs,
   Minors H.C., A.C., by and through Their Guardian Ad Litem
9  DOLORES HERNANDEZ, ASHLEY CEBALLOS,
   EMMA CEBALLOS, EDWARD CEBALLOS
10

ELECTRONICALLY FILED
10/22/2020 3:34 PM
Kern County Superior Court
By Sophia Munoz Alvarez, Deputy

11

12            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                          **COUNTY OF KERN**

14

15  Minors H.C. and A.C., as successors in     )  **CASE NO.: BCV-20-102481**
    interest to GRACIANO CEBALLOS,             )
16  by and through their Guardian Ad           )  **COMPLAINT FOR DAMAGES**
    Litem DOLORES HERNANDEZ;                   )
17  ASHLEY CEBALLOS; EMMA                       )  1. Violation of Civil Rights Under
    CEBALLOS; and EDWARD                        )     Color Of Law (42 U.S.C. § 1983);
18  CEBALLOS,                                    )  2. Violation of Substantive Due
                                                )     Process (42 U.S.C. § 1983);
19                                              )  3. Municipal Liability for
                       Plaintiffs,             )     Ratification (42 U.S.C. § 1983);
20                                              )  4. Municipal Liability for
                                                )     Unconstitutional Custom, Practice,
21           v.                                 )     or Policy (42 U.S.C. § 1983);
                                                )  5. Intentional Infliction of Emotional
22  COUNTY OF KERN, DEPUTY                      )     Distress;
    KOLTE PAXSON; SGT. ADRIAN                   )  6. Assault and Battery (Wrongful
23  OLMOS; DEPUTY BRYAN                          )     Death);
    EIDENSHINK SR.; DEPUTY                      )  7. Wrongful Death/Survival Based on
24  NATHAN PUCILOWSKY; DEPUTY                    )     Negligence;
    DWAYNE PERKINS; DEPUTY                      )  8. Negligent Infliction of Emotional
25  JESSICA ZAVALA and DOES 1                    )     Distress;
    through 10, inclusive,                      )  9. Violation of Section 52.1 of The
26                                              )     California Civil Code (Tom Bane
                                                )     Act Violation)
27                     Defendants.              )
                                                )  **DEMAND FOR JURY TRIAL**
28  _____         )

                                          1
                          **PLAINTIFFS' COMPLAINT FOR DAMAGES**

## COMPLAINT FOR DAMAGES

1.   COMES NOW, Plaintiffs Minors H.C. and A.C., as successors in interest to GRACIANO CEBALLOS, by and through their Guardian Ad Litem, DOLORES HERNANDEZ, ASHLEY CEBALLOS, EMMA CEBALLOS, EDWARD CEBALLOS (hereinafter, sometimes collectively referred to herein as "Plaintiffs") in their Complaint against Defendants COUNTY OF KERN, DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA and DOES 1-10, inclusive (hereinafter, sometimes collectively referred to as "Defendants") hereby allege as follows:

## INTRODUCTION

2.   This action seeks compensatory damages, punitive damages, attorneys' fees and costs from individual police officers, and compensatory damages, attorneys' fees and costs including from Defendants COUNTY OF KERN, (hereinafter also referred to "COUNTY"), and DOES 1-10, inclusive for violations of state law, federal law and fundamental rights under the United States Constitution in connection with the shooting of GRACIANO CEBALLOS (Hereinafter referred to as "Decedent") on or about April 18, 2020, GRACIANO CEBALLOS was shot by Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10 while in the course and scope of their duties as law enforcement officers.

3.   It is herein alleged that Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, acting in their individual capacity, under color of law and in the course and scope of their employment with Defendant COUNTY OF KERN and it sheriff department, the COUNTY OF KERN SHERIFF'S DEPARTMENT,

1  (hereinafter referred to "KCSD") used unreasonable and/or excessive deadly force
2  when they shot GRACIANO CEBALLOS, without legal cause or excuse, and made
3  an unreasonable seizure of the person of GRACIANO CEBALLOS, thereby
4  violating the constitutional rights of Decedent, GRACIANO CEBALLOS and
5  Plaintiffs under the respective Fourth and Fourteenth Amendments to the United
6  States Constitution and violating California state law and common law. It is
7  additionally alleged herein that Plaintiff EDWARD CEBALLOS, the brother and
8  close personal relative of Decedent, GRACIANO CEBALLOS, contemporaneously
9  witnessed the shooting of his brother, GRACIANO CEBALLOS, and suffered severe
10 emotional distress.

## JURISDICTION

11
12  4.  Plaintiffs, Minors HC and AC, by and through Their Guardian Ad Litem
13 DOLORES HERNANDEZ, and ASHLEY CEBALLOS, assert causes of action
14 under, and for violations of, the following laws and/or legal theories:

15  (a)  Federal Civil Rights Act under 42 U.S.C. Sections 1983, 1985, 1986,
16      and 1988;
17  (b)  The Fourth Amendment of the United States Constitution;
18  (c)  The Fourteenth Amendment of the United States Constitution;
19  (d)  Assault and Battery;
20  (e)  Negligent Infliction of Emotional Distress.
21  (f)  Negligence (Including Negligent Tactics); and
22  (g)  Violation of Section 52.1 of The California Civil Code (Tom Bane Act
23 Violation.

24  5.  Plaintiff EMMA CEBALLOS asserts a cause of action under, and for
25 violations of, the following laws and/or legal theory, Violation of her rights under
26 The Fourteenth Amendment of the United States Constitution.
27  ///
28  ///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1       6.    Plaintiff EMMA CEBALLOS asserts a cause of action under, and for

2   violations of, the following laws and/or legal theory, Violation of her rights under

3   The Fourteenth Amendment of the United States Constitution.

4       7.    Plaintiff EDWARD CEBALLOS asserts a cause of action under, and

5   for violations of, the following laws and/or legal theories:

6       (a)    Federal Civil Rights Act under 42 U.S.C. Sections 1983, 1985, 1986,

7               and 1988.

8       (b)    False imprisonment;

9       (c)    Abuse of Process;

10      (d)    Violation of Section 52.1 of The California Civil Code (Tom Bane Act

11              Violation)

12                            **VENUE**

13      8.    This action is was properly filed in the KERN County Superior Court,

14  as Defendants reside, and all incidents, events, occurrences, and injuries complained

15  of herein were occurred and were suffered, in KERN County, California. Each

16  Plaintiff herein timely and properly presented Government Claims (tort claims)

17  pursuant to Cal. Gov. Code §910, *et seq*. Plaintiffs timely presented a Government

18  Claim within six months of the incident forming the basis of this lawsuit and have

19  complied fully with the Governmental torts claims statute as to the Plaintiffs' state

20  claims.

21      9.    This action was timely removed by defendants and is properly within

22  the jurisdiction of the United States District Court Central District Of California,

23  Southern Division.

24                            **PARTIES**

25      10.    Plaintiffs EMMA CEBALLOS and EDWARD CEBALLOS were

26  residents of the County of KERN , State of California during all times relevant hereto

27  at the time of the injuries and damages suffered related to the police shooting incident

28  of April 18, 2020.

4

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

11.    Minors HC, AC, and adult Plaintiff ASHLEY CEBALLOS, at all times were residents of the County of Los Angeles, State of California during all times relevant hereto at the time of the injuries and damages suffered related to the police shooting incident of April 18, 2020.

12.    Decedent, GRACIANO CEBALLOS at all times was a resident of the County of KERN, State of California until his untimely death on April 18, 2020. Decedent, GRACIANO CEBALLOS is the natural son of Plaintiff EMMA CEBALLOS and natural brother of EDWARD CEBALLOS. Decedent, GRACIANO CEBALLOS is the natural father of Plaintiffs Minors HC, AC, and adult Plaintiff ASHLEY CEBALLOS.

13.    Defendant COUNTY OF KERN is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the KCSD, and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the KCSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

14.    At all times mentioned herein, Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR.; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, are and were, duly sworn police officers employed by Defendant COUNTY OF KERN. At all times herein mentioned, Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10 were acting in their individual and/or, in the alternative, their official capacities and in the course and scope of their employment with Defendant COUNTY, and therefore acting under

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  color of law.

2      15.    Plaintiffs are informed and believe, and thereon allege, Defendants

3  DOES 1-10, including COUNTY Deputies were and are, and at all times herein

4  mentioned were, duly appointed and acting as police officers/officers for Defendant

5  COUNTY, and were at all material times acting under color of state law, and as the

6  employees, agents and representatives of every other Defendant. Defendants DOES

7  1-10 were acting under color of law and within the course and scope of their

8  employment, including but not limited to under California Government Code

9  §§815.2, 820 and 825, on or about the April 18, 2020 date of the incident. Defendant

10 COUNTY is legally responsible for all damages caused by the intentional and/or

11 negligent and/or otherwise tortuous conduct of Defendants DEPUTY KOLTE

12 PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;

13 DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY

14 JESSICA ZAVALA, and DOES 1-10, as alleged herein. By the filing of this

15 Complaint, Plaintiffs, and each of them do hereby sue all Defendants, including

16 Defendants COUNTY, DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;

17 DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;

18 DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10

19 and any Defendant COUNTY OF KERN  Sheriff's Deputy who shot Decedent,

20 GRACIANO CEBALLOS, including Defendants DOES 1-10.

21      16.    At all times relevant to the present complaint, Defendants DEPUTY

22 KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK

23 SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;

24 DEPUTY JESSICA ZAVALA, and DOES 1-10, were acting within their capacity as

25 employees, agents, representatives and servants of Defendant COUNTY, which is

26 liable under the doctrine of *Respondeat Superior*, pursuant to Sections 815.2, 820

27 and 825 of the California Government Code, et. al.

28 ///

17.    The true names of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein. Defendants DOES 1-10 include, but are not limited to, any and all Sheriff's Deputies who used force on, seized, shot Decedent, GRACIANO CEBALLOS, as well as any and all supervisors, commanders, officers, sergeants, captains, lieutenants, and/or civilian employees of Defendant COUNTY OF KERN, including within the County of Kern Sheriff's Department.

18.    Each of the Defendants caused and is responsible for the unlawful conduct and resulting, by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, joint, and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein.  Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained. Each of Defendants is the agent of the other and the actions of each of the Defendants were ratified by the other Defendants.

## GENERAL ALLEGATIONS

19.    On or about April 18, 2020, Decedent GRACIANO CEBALLOS was the driver of a vehicle with his brother EDWARD CEBALLOS, (a paraplegic disabled human) as a passenger in the vehicle.  Decedent was driving around his community upset over personal issues. Does 1-5 residence in which a personal dispute arose.  The decedent allegedly fired a gun in the air.  He did not fire the gun

7

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  at any person or aim the gun in the direction of anyone. He drove away from the
2  scene when Sheriff deputies DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
3  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
4  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA and DOES 1-10
5  initiated a traffic stop. The Decedent was observed by said defendant to toss a firearm
6  out the window of the car and a pursuit started. The pursuit lasted approximately 30
7  minutes. During the pursuit the decedent never fired a weapon at any officer. Also,
8  during the pursuit Plaintiff EDWARD CEBALLOS did not do anything besides sit
9  in the vehicle.

10      20.    When the pursuit ended, decedent GRACIANO CEBALLOS took one
11  step out of the vehicle. At this time Defendants DEPUTY KOLTE PAXSON; SGT.
12  ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN
13  PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA
14  and DOES 1-10 took out their guns and began to fire at Decedent, without warning,
15  shooting him dead. As the defendants were shooting decedent Plaintiff CEBALLOS
16  remained inside the vehicle.

17      21.    Decedent, GRACIANO CEBALLOS's brother, Plaintiff EDWARD
18  CEBALLOS, observed with his eyes as Defendants DEPUTY KOLTE PAXSON;
19  SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY
20  NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA
21  ZAVALA, shot his brother, GRACIANO CEBALLOS. Plaintiff EDWARD
22  CEBALLOS suffered severe emotional harm because of watching his brother shot to
23  death.

24      22.    Plaintiffs are informed and believe, and upon such information and
25  belief allege, Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
26  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
27  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10
28  utilized negligent tactics, failed to appropriately warn of use of force and violated

8

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   Defendant COUNTY OF KERN and Kern County Sheriff Department Policies and
2   Procedures for use of deadly force, and other policies and procedures.

3        23.    Decedent, GRACIANO CEBALLOS did not present a risk of imminent
4   threat of death or great bodily injury to any of these defendant officers, or anyone
5   else to justify the use of lethal deadly force.

6        24.    At the time of the shooting Decedent, GRACIANO CEBALLOS was
7   not engaged in the commission of a crime and, under the United States Constitution
8   and the cases interpreting it, had rights including a liberty interest to be free in one's
9   person from unlawful search and seizure of one's person in his home, and a right not
10  to be subjected to the use of unreasonable and/or excessive force by police officers
11  against him within the confines of his home.

12       25.    Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
13  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
14  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
15  and each of them, discharged their firearms recklessly, intentionally, tortuously, with
16  deliberate indifference and/or negligently, with the intent to kill and/or commit
17  serious bodily injury upon, Decedent, GRACIANO CEBALLOS and to violate his
18  civil rights.

19       26.    Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
20  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
21  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
22  and each of them knowing that EDWARD CEBALLOS did not and could physically
23  commit a crime, proceeded to intentionally and maliciously file false police reports
24  stating Plaintiff EDWARD CEBALLOS attempted to commit murder of a police
25  officer and/or that Plaintiff EDWARD CEBALLOS attempted to assault.

26       27.    As a result of defendants' false statements Plaintiff EDWARD
27  CEBALLOS was incarcerated with a 3.5 million-dollar bail. Consequently, Plaintiff
28  EDWARD CEBALLOS was coerced and tortured to enter a plea for resisting arrest,

9

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   which was something he was physically incapable of doing.

2      28.    As a direct and proximate result of the acts of Defendants DEPUTY

3   KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK

4   SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;

5   DEPUTY JESSICA ZAVALA, and DOES 1-10, all Plaintiffs suffered injuries and

6   damages as described below.

7                    **FIRST CAUSE OF ACTION**

8        **FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW**

9                    **(42 U.S.C. SECTION 1983)**

10   **(BY PLAINTIFFS' ASHLEY CEBALLOS AND MINORS, HC, AC,**

11   **INDIVIDUALLY, AND AS SUCCESSORS IN INTEREST TO**

12   **GRACIANO CEBALLOS AGAINST ALL DEFENDANTS)**

13      29.    Minors HC, AC, by and through Their Guardian Ad Litem DOLORES

14   HERNANDEZ,  and  ASHLEY  CEBALLOS  hereby  repeat,  re-alleges  and

15   incorporates each allegation of each, and every paragraph above as though fully set

16   forth herein.

17      30.    This action is brought pursuant to 42 U.S.C. Section 1983, the Fourth

18   and  the  Fourteenth  Amendments  of  the  United  States  Constitution,  for  an

19   unreasonable seizure of the person including the use of unreasonable and excessive

20   force;  violation  of  liberty  interest;  and  unreasonable  use  of  deadly  force  by

21   Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY

22   BRYAN  EIDENSHINK  SR;  DEPUTY  NATHAN  PUCILOWSKY;  DEPUTY

23   DWAYNE  PERKINS;  DEPUTY  JESSICA  ZAVALA,  and  DOES  1-10  against

24   Decedent, GRACIANO CEBALLOS.

25      31.    On April 18, 2020, Defendants DEPUTY KOLTE PAXSON; SGT.

26   ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN

27   PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,

28   and DOES 1-10, inclusive, and each of them, acting in their individual capacities and

1   under color of state law, intentionally used unreasonable and excessive force,
2   including without any verbal warning, intentionally using deadly force and shot
3   Decedent, GRACIANO CEBALLOS, in violation of 42 U.S.C. §1983, and in
4   violation of the Fourth and Fourteenth Amendments to the United States
5   Constitution. Unreasonable, unnecessary and/or excessive force was used by
6   Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY
7   BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY
8   DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive,
9   who were acting in their individual capacities, under color of law and authority and
10  in the course and scope of their employment with Defendant COUNTY OF KERN
11  and OCSD.

12      32.   Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
13  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
14  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
15  inclusive, and each of them, had an obligation to only use reasonable force rather
16  than to use unreasonable, unnecessary or excessive force. This obligation included,
17  but was not limited to, the obligation to use appropriate tactics regarding
18  verbalization; de-escalation; not shooting at an unarmed person; containment and
19  other appropriate police tactics before resorting to utilizing deadly force. Defendants
20  DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN
21  EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE
22  PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, and each of
23  them, were trained only to use deadly force only in the direst of circumstances, only
24  after all other means of taking a subject into custody have been exhausted and only
25  as a last resort.

26      33.   The aforementioned acts of Defendants DEPUTY KOLTE PAXSON;
27  SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY
28  NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA

1   ZAVALA, and DOES 1-10, inclusive, and each of them, were malicious, willful,
2   oppressive and despicable conduct as herein alleged, as each aforementioned
3   defendant acted with a conscious disregard of the rights and safety of Decedent,
4   GRACIANO CEBALLOS and said defendants acted with the specific intent to injure
5   and kill Decedent, GRACIANO CEBALLOS. Plaintiff is therefore entitled to
6   punitive damages in an amount sufficient to punish and make an example of these
7   aforementioned individual Defendants, and, in order to promote greater safety and
8   provide an incentive for said defendants and others so situated to not engage in such
9   conduct.

10          34.   As a direct and proximate result of said constitutional violations,
11   tortious acts, omissions or conduct of Defendants DEPUTY KOLTE PAXSON;
12   SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY
13   NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA
14   ZAVALA, and DOES 1-10, inclusive, Decedent GRACIANO CEBALLOS was
15   killed, and suffered before his death.

16          35.   Plaintiffs, Minors HC, AC, and adult ASHLEY CEBALLOS, having
17   the right of survivorship, seek all damages for the pain, suffering, anxiety, fear of
18   impending death and severe emotional distress that Decedent GRACIANO
19   CEBALLOS suffered before his death, in a sum to be determined according to proof.
20   Plaintiffs herein also  seek damages for funeral and burial expenses of Decedent
21   GRACIANO CEBALLOS in a sum to be determined according to proof.

22          36.   As a direct and proximate result of said tortious acts, omissions or
23   conduct of Defendants, and each of them, Plaintiffs  Minors HC, AC, and adult
24   ASHLEY CEBALLOS, their father, Decedent GRACIANO CEBALLOS died and
25   said Plaintiffs have sustained and incurred, and is certain in the future to sustain and
26   incur losses, injuries, and damages which are itemized as follows: a) Funeral and
27   burial expenses in a sum to be determined according to proof.  Plaintiffs will request
28   leave of Court to determine the total amount thereof, once the same has been

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    ascertained; b) Attorneys' fees and costs pursuant to 42 U.S.C. §1988.

2    **SECOND CAUSE OF ACTION**

3    **FOR VIOLATION OF SUBSTANTIVE DUE PROCESS**

4    **(42 U.S.C. §1983)**

5    **(BY PLAINTIFFS' EMMA CEBALLOS ASHLEY CEBALLOS AND**

6    **MINORS, HC, AC, AGAINST ALL DEFENDANTS)**

7        37.    Plaintiffs hereby repeat, re-allege and incorporate each, and every

8    allegation of every paragraph above as though fully set forth herein.

9        38.    Decedent, GRACIANO CEBALLOS and Plaintiffs Minors HC, AC,

10   ASHLEY CEBALLOS , and EMMA CEBALLOS each had a cognizable interest

11   under the Due Process Clause of the Fourteenth Amendment of the United States

12   Constitution to be free from state actions that deprive them of life, liberty, or property

13   in such a manner as to shock the conscience, including but not limited to unwarranted

14   government interference in Decedent, GRACIANO CEBALLOS and Plaintiffs

15   GRACIANO CEBALLOS' and EMMA CEBALLOS' familial relationship.

16       39.    More specifically, the use of force by Defendants DEPUTY KOLTE

17   PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;

18   DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY

19   JESSICA ZAVALA, and DOES 1-10, was so outrageous that it shocks the

20   conscience because Decedent, GRACIANO CEBALLOS was shot by Defendants

21   DOES 1-10 when the officers could all see GRACIANO CEBALLOS posed no

22   imminent threat to anyone.

23       40.    Decedent, GRACIANO CEBALLOS had a cognizable interest under

24   the Due Process Clause of the Fourteenth Amendment of the United States

25   Constitution to be free from state actions that deprive him of life, liberty, or property

26   in such a manner as to shock the conscience.

27       41.    The actions of Defendants DEPUTY KOLTE PAXSON; SGT.

28   ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN

13
**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,
2  and DOES 1-10, inclusive, and each of them and along with other undiscovered
3  conduct, shocks the conscience, in that they acted with deliberate indifference to the
4  constitutional rights of Decedent, GRACIANO CEBALLOS, and/or with purpose to
5  harm unrelated to any legitimate law enforcement objective. Defendants DEPUTY
6  KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK
7  SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;
8  DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, had time to deliberate
9  regarding the use of force and the use of deadly force and they acted with deliberate
10  indifference to the constitutional rights of Decedent, GRACIANO CEBALLOS by
11  issuing no warning and then using unjustified deadly force against Decedent,
12  GRACIANO CEBALLOS while decedent's brother, EDWARD CEBALLOS
13  contemporaneously witnessed the Defendants' unconstitutional use of excessive and
14  unreasonable force against, Decedent, GRACIANO CEBALLOS.

15      42.    Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
16  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
17  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
18  inclusive, violated the substantive due process rights of the Plaintiffs listed above to
19  be free from unwarranted interference with their familial relationship with Decedent
20  GRACIANO CEBALLOS.

21      43.    As a direct and proximate cause of the acts of Defendants DEPUTY
22  KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK
23  SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;
24  DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, and each of them,
25  Plaintiffs MINORS HC, AC, BY AND THROUGH THEIR GUARDIAN AD
26  LITEM DOLORES HERNANDEZ, ASHLEY CEBALLOS, AND EMMA
27  CEBALLOS have been deprived of the life-long love, companionship, comfort,
28  support, society, care, and sustenance of Decedent GRACIANO CEBALLOS, and

1   will continue to be so deprived for the remainder of her natural life.

2       44.   The conduct of Defendants DEPUTY KOLTE PAXSON; SGT.

3   ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN

4   PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,

5   and DOES 1-10, inclusive, and each of them was willful, wanton, malicious, and

6   therefore warrants the imposition of exemplary and punitive damages as to

7   Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY

8   BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY

9   DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and each of them

10      45.   Defendants DOES 1-10, inclusive, and each of them, are each liable for

11  Decedent GRACIANO CEBALLOS's injuries, either because they engaged in the

12  above conduct; because they were integral participants in the above conduct; or

13  because they failed to intervene to prevent the above conduct.

14                    **THIRD CAUSE OF ACTION**

15          **MUNICIPAL LIABILITY FOR RATIFICATION**

16                    **(42 U.S.C. § 1983)**

17    **(BY PLAINTIFFS' ASHLEY CEBALLOS AND MINORS, HC, AC,**

18      **INDIVIDUALLY, AND AS SUCCESSORS IN INTEREST TO**

19        **GRACIANO CEBALLOS AGAINST COUNTY)**

20      46.   Plaintiff repeats and re-alleges each allegation in all the preceding

21  paragraphs of this Complaint with same force and effect as if fully set forth herein.

22      47.   Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;

23  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;

24  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,, and Does 1

25  through 10, inclusive acted under color of law.

26      48.   The acts of the individual defendants deprived DECEDENT and

27  Plaintiffs of their particular rights under the United States Constitution.

28  ///

1    49.   Upon information and belief, a final policymaker, acting under color of

2    law, who had final policymaking authority concerning the acts of the individual

3    defendants, ratified the acts of the defendants' acts and the bases for them. Upon

4    information and belief, the final policymaker knew of and specifically approved of

5    the individual defendants' acts.

6    50.   Upon information and belief, a final policymaker has determined (or

7    will determine) that the acts of the individual defendants were "within policy."

8    51.   By reason of the aforementioned acts and omissions, Plaintiffs suffered

9    loss of the love, companionship, affection, comfort, care, society, training, guidance,

10   and support of DECEDENT. The aforementioned acts and omissions also caused

11   DECEDENT's pain and suffering, loss of enjoyment of life, and death.

12   52.   Accordingly, Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN

13   OLMOS;   DEPUTY   BRYAN   EIDENSHINK   SR;   DEPUTY   NATHAN

14   PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,

15   and Does 1 through 10, inclusive each are liable to Plaintiff for compensatory

16   damages under 42 U.S.C. § 1983.

17                          **FOURTH CAUSE OF ACTION**

18                            **MUNICIPAL LIABILITY**

19              **FOR UNCONSTITUTIONAL CUSTOM OR POLICY**

20                             **(42 U.S.C. § 1983)**

21       **(BY PLAINTIFFS' ASHLEY CEBALLOS AND MINORS, HC, AC,**

22          **INDIVIDUALLY, AND AS SUCCESSORS IN INTEREST TO**

23              **GRACIANO CEBALLOS AGAINST COUNTY)**

24   53.   Plaintiff repeats and re-alleges each allegation in all the preceding

25   paragraphs of this Complaint with same force and effect as if fully set forth herein

26   54.   On information and belief, Defendants DEPUTY KOLTE PAXSON;

27   SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY

28   NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    ZAVALA, and Does 1 through 10, inclusive, unjustified shooting of GRACIANO

2    CEBALLOS was found to be within KERN COUNTY SHERIFF'S DEPARTMENT

3    policy.

4         55.    On information and belief, Defendants DEPUTY KOLTE PAXSON;

5    SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY

6    NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA

7    ZAVALA,, and Does 1 through 10, inclusive, unjustified shooting of DECEDENT

8    was ratified by COUNTY OF KERN supervisorial officers.

9         56.    On information and belief, Defendants DEPUTY KOLTE PAXSON;

10   SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY

11   NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA

12   ZAVALA, and Does 1 through 10, inclusive, were not disciplined for the unjustified

13   shooting of DECEDENT.

14        57.    On and for some time prior to the shooting and killing of DECEDENT

15   (and continuing to the present date), Defendants COUNTY and DOES 6-10, acting

16   with gross negligence and with reckless and deliberate indifference to the rights and

17   liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons

18   in their class, situation and comparable position in particular, knowingly maintained,

19   enforced and applied an official recognized custom, policy, and practice of:

20        A. Employing and retaining as peace officers and other personnel,

21           including Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN

22           OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN

23           PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA

24           ZAVALA, whom Defendants CITY and Does 6-10 at all times material

25           herein knew or reasonably should have known had dangerous

26           propensities for abusing their authority and for mistreating citizens by

27           failing to follow written department policies, including the use of

28           excessive force;

17

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

B. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY employees and other personnel, including Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, whom Defendants COUNTY and Does 6-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

C. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, who are peace officers and/or agents of COUNTY;

D. By failing to discipline COUNTY peace officers' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

E. By ratifying the intentional misconduct of DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and other COUNTY peace officers' and/ or agents, who are COUNTY peace officers and/or agents of COUNTY;

F. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly

18

1                        force, which also is demonstrated by inadequate training regarding these

2                        subjects. The policies, customs, and practices of Defendants COUNTY

3                        and Does 6-10 were maintained with a deliberate indifference to

4                        individuals' safety and rights; and

5                G. By failing to properly investigate claims of unlawful detention and

6                    excessive force by COUNTY peace officers.

7      58.    By reason of the aforementioned policies and practices of Defendants

8  COUNTY and DOES 6-10, DECEDENT was severely injured and subjected to pain

9  and suffering and ultimately, lost his life. The aforementioned policies and practices

10  of Defendants, including the custom, policy and practice of Defendant COUNTY in

11  allowing its peace officers to use unjustified, excessive and unreasonable deadly

12  force in shooting unarmed persons who had fired no shots with no punishment for

13  the involved peace officers was a moving force that caused Defendants DEPUTY

14  KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK

15  SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;

16  DEPUTY JESSICA ZAVALA to use unreasonable deadly force on DECEDENT,

17  who was also unarmed and fired no shots at Defendants nor otherwise, presented an

18  imminent danger to Defendants or others.

19      59.    Defendants COUNTY and DOES 6-10, together with various other

20  officials, whether named or unnamed, had either actual or constructive knowledge of

21  the deficient policies, practices and customs alleged in the paragraphs above. Despite

22  having knowledge as stated above, these defendants condoned, tolerated and through

23  actions and inactions thereby ratified such policies. Said defendants also acted with

24  deliberate indifference to the foreseeable effects and consequences of these policies

25  with respect to the constitutional rights of DECEDENT, Plaintiff, and other

26  individuals similarly situated.

27      60.    By perpetrating, sanctioning, tolerating and ratifying the outrageous

28  conduct and other wrongful acts, Defendants Does 6-10 acted with intentional,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1    reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and
2    Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs
3    implemented, maintained, and still tolerated by Defendants COUNTY and Does 6-
4    10 were affirmatively linked to and were a significantly influential force behind the
5    injuries of DECEDENT and Plaintiff.

6        61.    The actions of each of Defendants Does 1-10 were willful, wanton,
7    oppressive, malicious, fraudulent, and extremely offensive and unconscionable to
8    any person of normal sensibilities, and therefore warrants the imposition of
9    exemplary and punitive damages as to Defendants Does 1-10.

10       62.    By reason of the aforementioned acts and omissions of Defendants
11   COUNTY and Does 1-10, Plaintiff was caused to incur damages as stated elsewhere
12   herein.

13       63.    By reason of the aforementioned acts and omissions of Defendants
14   COUNTY and Does 1-10, Plaintiff suffered and continues to suffer loss of love,
15   companionship, affection, comfort, care, society, and future support.

16       64.    Accordingly, Defendants COUNTY and Does 1-10 each are liable to
17   Plaintiff for compensatory damages under 42 U.S.C. § 1983.

18       65.    Plaintiff seek both wrongful death damages and survival damages under
19   this claim. Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred
20   and to be incurred in Plaintiff presenting, maintaining and prosecuting this action
21   under 42 U.S.C. Section 1988.

22              **FIFTH CAUSE OF ACTION**
23      **FOR ASSAULT AND BATTERY CAUSING WRONGFUL DEATH**
24      **(BY PLAINTIFFS' ASHLEY CEBALLOS AND MINORS, HC, AC,**
25          **AGAINST ALL DEFENDANTS, INDIVIDUALLY AS HEIRS**
26      **AT LAW AND AS SUCCESSORS IN INTEREST TO GRACIANO**
27          **CEBALLOS, AGAINST ALL DEFENDANTS)**
28   ///

66. Plaintiffs listed above, hereby repeat, re-allege and incorporate each allegation of each, and every paragraph above as though fully set forth herein.

67. Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, and each of them, assaulted and battered the Decedent GRACIANO CEBALLOS, proximately causing GRACIANO CEBALLOS's death. Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, and each of them, engaged in an unauthorized, unconsented to touching of Decedent GRACIANO CEBALLOS and utilized unreasonable, unnecessary, and excessive force. Decedent GRACIANO CEBALLOS did not pose an immediate threat to the life of or serious bodily injury to Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10. Despite this, Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, without issuing a warning, unjustifiably and unnecessarily shot and killed Decedent GRACIANO CEBALLOS.

68. Defendants COUNTY OF KERN is liable for the actions of the Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, in assaulting, battering and killing of Decedent GRACIANO CEBALLOS as, at all times mentioned herein, Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN

21

1  PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,
2  and DOES 1-10, inclusive, and each of them, were acting within the course and scope
3  of their employment and/or agency with Defendants COUNTY OF KERN. As such
4  Defendants COUNTY OF KERN is liable in *Responde at Superior* for the injuries
5  caused by the acts and omissions of Defendants DEPUTY KOLTE PAXSON; SGT.
6  ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN
7  PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,
8  and DOES 1-10, inclusive, and each of them pursuant to California Government
9  Code §815.2 and 820.

10     69.    As a direct and proximate result of said tortious acts, omissions or
11  conduct of Defendants, and each of them, GRACIANO CEBALLOS died and
12  Plaintiffs HC, AC, and ASHLEY CEBALLOS have sustained and incurred, and are
13  certain in the future to sustain and incur losses, injuries, and damages which are
14  itemized as follows:

15     a)    Funeral and burial expenses in a sum to be determined according to proof.
16           Plaintiffs will request leave of Court to determine the total amount
17           thereof, once the same has been ascertained;
18     b)    The value of decedent's financial support to be determined according to
19           proof; and
20     c)    Said Plaintiffs have been deprived of the services, love, society, care,
21           comfort, protection, companionship and affection of Decedent
22           GRACIANO CEBALLOS, as a father, all to Plaintiffs' loss and general
23           damage in a sum in excess of the minimum jurisdictional limits of this
24           court.

25     70.    The aforementioned acts of Defendants DEPUTY KOLTE PAXSON;
26  SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY
27  NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA
28  ZAVALA, and DOES 1-10, inclusive, and each of them, were malicious, willful,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   oppressive and despicable conduct as herein alleged, as each aforementioned
2   defendant acted with a conscious disregard of the rights and safety of Decedent
3   GRACIANO CEBALLOS and said defendants acted with the specific intent to injure
4   and kill Decedent GRACIANO CEBALLOS.  Plaintiffs  HC, AC, and ASHLEY
5   CEBALLOS are therefore entitled to punitive damages in an amount enough to
6   punish and make an example of these aforementioned individual Defendants, and, in
7   order to promote greater safety and provide an incentive for said defendants and
8   others so situated to not engage in such conduct.

9       71.   As a direct and proximate result of said tortious acts, omissions or
10  conduct of Defendants, and each of them, Plaintiffs HC, AC, and ASHLEY
11  CEBALLOS have sustained and incurred, and are certain in the future to sustain and
12  incur losses, injuries, and damages to be determined according to proof.

13  ### SIXTH CAUSE OF ACTION
14  **FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
15  **(BY PLAINTIFF EDWARD CEBALLOS AGAINST DEPUTY KOLTE**
16  **PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;**
17  **DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;**
18  **DEPUTY JESSICA ZAVALA, AND DOES 1-10, INCLUSIVE)**

19      72.  Plaintiff hereby repeats, re-alleges and incorporates each and very
20  allegation of each and every paragraph above as though fully set forth herein.

21      73.   On April 18, 2020, Decedent, GRACIANO CEBALLOS was
22  Intentionally shot by Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN
23  OLMOS; DEPUTY  BRYAN  EIDENSHINK  SR; DEPUTY  NATHAN
24  PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,
25  and DOES 1-10, inclusive, in the presence of Plaintiff EDWARD CEBALLOS, and
26  Decedent, GRACIANO CEBALLOS was killed as a result.  After the shooting said
27  defendants knowing Plaintiff EDWARD CEBALLOS was a paraplegic and not
28  capable of committing a crime, intentionally wrote false police reports with the

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1 specific intent of having Plaintiff EDWARD CEBALLOS detained and held in

2 custody on a 3.5-million-dollar bail.

3     74.    Consequently, Plaintiff EDWARD CEBALLOS was incarcerated in the

4 Kern County Jail for approximately over 3-4 weeks. The Defendants intentional; acts,

5 as described above were used to cause Plaintiff emotional harm. Such actions were

6 also used to coerce Plaintiff to enter a plea for resisting arrest, which was something

7 he was physically incapable of doing. As a direct and proximate result of defendants'

8 intentional conduct Plaintiff EDWARD CEBALLOS sustained severe emotional

9 distress, including Post Traumatic Stress Disorder (PTSD), psychological trauma and

10 other damages in an amount to be proven according to proof at the time of trial.

11     75.    Plaintiff EDWARD CEBALLOS suffered severe emotional distress as

12 a result of the outrageous conduct.

13     76.    The conduct of Defendants DEPUTY KOLTE PAXSON; SGT.

14 ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN

15 PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,

16 and DOES 1-10, inclusive was a substantial factor in causing EDWARD

17 CEBALLOS' severe emotional distress.

18     77.    As a direct and proximate result of Defendants' conduct as alleged

19 above, and other undiscovered negligent conduct, Plaintiff was caused to suffer

20 severe pain and suffering and lost earning capacity.

21     78.    The COUNTY is vicariously liable for the wrongful acts of Defendants

22 DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN

23 EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE

24 PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, pursuant to

25 sections 815.2(a) and 820 of the California Government Code, which provides that a

26 public entity is liable for the injuries caused by its employees within the scope of the

27 employment if the employee's act would subject him or her to liability.

28 ///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

79.   The conduct of Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiff, to an award of exemplary and punitive damages as to individual Defendants.

## SEVENTH CAUSE OF ACTION

**FOR WRONGFUL DEATH/SURVIVAL BASED ON NEGLIGENCE (INCLUDING NEGLIGENT TACTICS) (BY PLAINTIFFS' ASHLEY CEBALLOS AND MINORS, HC, AC, AGAINST ALL DEFENDANTS, INDIVIDUALLY, AS HEIRS-AT-LAW AND AS SUCCESSORS IN INTEREST TO GRACIANO CEBALLOS AGAINST ALL DEFENDANTS)**

80.   Plaintiffs hereby repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

81.   Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, and each of them, had a duty to Decedent GRACIANO CEBALLOS and Plaintiffs to comply with California Police Officers Standard Training, national standards for use of force and their own police departments' training mandated for tactical firearms training; to not utilize careless or reckless police tactics that could create a dangerous circumstance or heighten a situation of danger that could result in the use of unnecessary force; to comply with OCSD and national and their respective police departments' training mandated for tactical firearms training; to not cause discharge of their firearm unless it was justified under the circumstances; to respond appropriately to persons they may believe are a possible suspect of an offense without choosing to use deadly force before determining if the decedent posed an immediate threat to the safety of the officers or to others. Defendants DEPUTY KOLTE

25

1  PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;
2  DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY
3  JESSICA ZAVALA, and DOES 1-10, inclusive,  and each of them, had a duty to
4  Decedent GRACIANO CEBALLOS and Plaintiffs to use appropriate tactics
5  regarding verbalization, de-escalation, not shooting into vehicles, calling for back-
6  up, use of less-than-lethal force, techniques and weapons, containment, issuing
7  verbal warnings and other appropriate police tactics before resorting to utilizing
8  deadly force. Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
9  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
10  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
11  inclusive, and each of them, were trained to use deadly force only in the direst of
12  circumstances, and only after all other means have been exhausted, and only as a last
13  resort.
14      82.    Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
15  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
16  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
17  inclusive, and each of them, breached their duties by using excessive, unnecessary
18  and deadly force against Decedent GRACIANO CEBALLOS, negligently using
19  improper tactics and breaching their duties set forth above and in California Police
20  Officers Standard Training, accepted national standards, and Kern County Sheriff
21  Department Policies and Procedures manual and training,  including the use of force
22  and the use of deadly force, proximately causing the death of Decedent GRACIANO
23  CEBALLOS.
24      83.    As a direct and legal result of the aforesaid negligence, carelessness and
25  unskillfulness of Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN
26  OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN
27  PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,
28  and DOES 1-10, inclusive, inclusive, and each of them, and as a result of their breach

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  of duty of care to Decedent GRACIANO CEBALLOS, Defendants DEPUTY
2  KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK
3  SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;
4  DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, and each of them
5  proximately caused the death of GRACIANO CEBALLOS, and damages to
6  Plaintiffs.

7         84.    As a direct and proximate result of said tortious acts, omissions or
8  conduct of Defendants, and each of them, Plaintiffs father, Decedent GRACIANO
9  CEBALLOS died and Plaintiffs have therefore sustained and incurred, and are
10  certain in the future to sustain and incur losses, injuries, and damages which are
11  itemized as follows:

12       a)    Funeral and burial expenses in a sum to be determined according to proof.
13             Plaintiffs will request leave of Court to determine the total amount
14             thereof, once the same has been ascertained;

15       b)    The value of decedent's financial support to be determined according to
16             proof; and

17       c)    Plaintiffs have been deprived of the services, love, society, care, comfort,
18             protection, companionship and affection of Decedent GRACIANO
19             CEBALLOS, he having been a loving and devoted father, all to Plaintiffs
20             loss and general damage in a sum in excess of the minimum jurisdictional
21             limits of this court.

22         85.    The aforementioned acts of Defendants DEPUTY KOLTE PAXSON;
23  SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY
24  NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA
25  ZAVALA, and DOES 1-10, inclusive, and each of them, were malicious, willful,
26  oppressive and despicable conduct as herein alleged, as each aforementioned
27  defendant acted with a conscious disregard of the rights and safety of Decedent
28  GRACIANO CEBALLOS and said defendants acted with the specific intent to injure

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1 and kill Decedent GRACIANO CEBALLOS. Plaintiffs are therefore entitled to
2 punitive damages in an amount enough to punish and make an example of these
3 aforementioned individual Defendants, and, in order to promote greater safety and
4 provide an incentive for said defendants and others so situated to not engage in such
5 conduct.

6 ## EIGHTH CAUSE OF ACTION
7 ### FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
8 **(BY PLAINTIFF EDWARD CEBALLOS AGAINST DEPUTY KOLTE**
9 **PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;**
10 **DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS;**
11 **DEPUTY JESSICA ZAVALA, AND DOES 1-10, INCLUSIVE)**

12 86.    Plaintiff hereby repeats, re-alleges and incorporates each and every
13 allegation of each and every paragraph above as though fully set forth herein.

14 87.    On April 18, 2020, Decedent, GRACIANO CEBALLOS was shot by
15 Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY
16 BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY
17 DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, in
18 the presence of Plaintiff EDWARD CEBALLOS, and Decedent, GRACIANO
19 CEBALLOS was killed as a result.

20 88.    Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
21 DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
22 DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
23 inclusive, were negligent and careless in the use of their firearms, including being
24 careless in the handling of the firearm and in the firing of the firearm that was
25 unjustified under the circumstances. Defendants were unreasonable in failing to use
26 appropriate tactics regarding verbalization, de-escalation, calling for back-up, use of
27 less-than-lethal force, techniques and weapons, containment, issuing verbal warnings
28 and other appropriate police tactics before resorting to utilizing deadly force.

89.    Plaintiff EDWARD CEBALLOS was in the immediate vicinity of Decedent, GRACIANO CEBALLOS and Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, at that time that Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, shot Decedent, GRACIANO CEBALLOS, and Plaintiff EDWARD CEBALLOS contemporaneously witnessed and perceived the injury producing shooting event incident both visibly and audibly.

90.    At the time of the negligent and deadly conduct of Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, as set forth above, Plaintiff EDWARD CEBALLOS was contemporaneously aware that the conduct was causing injury to his immediate blood relative, brother, Decedent, GRACIANO CEBALLOS because Plaintiff EDWARD CEBALLOS contemporaneously witnessed the gun shots and heard the shots fired and also heard the moaning of Decedent, GRACIANO CEBALLOS who was struck with the bullets that caused his death.

91.    As a direct and proximate result of contemporaneously witnessing the injury to Decedent, GRACIANO CEBALLOS, caused by the negligent and careless conduct of Defendants DEPUTY FAOUR, DEPUTY KOCHER, and DOES 1-10, and each of them, Plaintiff EDWARD CEBALLOS sustained severe emotional distress, including Post Traumatic Stress Disorder (PTSD), psychological trauma and other damages in an amount to be proven according to proof at the time of trial.

92.    Plaintiff EDWARD CEBALLOS suffered severe emotional distress as a result of the outrageous conduct.

///

93.   The conduct of Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive was a substantial factor in causing EDWARD CEBALLOS' severe emotional distress.

94.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering and lost earning capacity.

95.   The COUNTY is vicariously liable for the wrongful acts of Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96.   The conduct of Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs, entitling Plaintiff, to an award of exemplary and punitive damages as to individual Defendants.

## NINTH CAUSE OF ACTION
### FOR VIOLATION OF THE SECTION 52.1 OF
### THE CALIFORNIA CIVIL CODE (BANE ACT VIOLATIONS)
### (BY PLAINTIFFS ASHLEY CEBALLOS AND MINORS, HC, AC, AGAINST ALL INDIVIDUAL DEFENDANTS)

///

///

1    97.    Plaintiffs MINORS, HC, AC, and adult ASHLEY CEBALLOS hereby
2  repeat, re-allege and incorporate each allegation of each, and every paragraph above
3  as though fully set forth herein.

4    98.    This action is brought pursuant to section 52.1 of the California Civil
5  Code. The present action is also brought pursuant to section 820 and 815.2 of the
6  Government Code. Pursuant to section 820 of the California Government Code, as a
7  public employee, Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN
8  OLMOS;   DEPUTY   BRYAN   EIDENSHINK   SR;   DEPUTY   NATHAN
9  PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA,
10  and DOES 1-10, inclusive, are liable for injuries caused by their acts or omissions to
11  the same extent as a private person.

12    99.    At all times mentioned herein, Defendants DEPUTY KOLTE
13  PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;
14  DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY
15  JESSICA ZAVALA, and DOES 1-10, inclusive, were acting within the course and
16  scope of their employment and/or agency with Defendants COUNTY OF KERN and
17  the County of Kern Sheriff's Department. As such defendant COUNTY is liable in
18  respondeat superior for the injuries caused by the acts and omissions of Defendants
19  DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN
20  EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE
21  PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10, pursuant to section
22  815.2 of the California Government Code.

23    100.    DECEDENT GRACIANO CEBALLOS was subjected to excessive
24  force by Defendants DEPUTY KOLTE PAXSON; SGT. ADRIAN OLMOS;
25  DEPUTY BRYAN EIDENSHINK SR; DEPUTY NATHAN PUCILOWSKY;
26  DEPUTY DWAYNE PERKINS; DEPUTY JESSICA ZAVALA, and DOES 1-10,
27  in the form of gunshots fired by said defendants which struck DECEDENT and
28  caused him serious personal injuries from which he eventually died. The shooting

PLAINTIFFS' COMPLAINT FOR DAMAGES

1  was unreasonable and unwarranted as the circumstances under which the shooting
2  occurred did not require the use of any force whatsoever. As an unreasonable use of
3  force, the shooting constituted a violation of GRACIANO CEBALLOS's
4  constitutional rights against unreasonable searches and seizures protected by the
5  Constitution of the State of California.

6  101. All the above acts and omissions of Defendants DEPUTY KOLTE
7  PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;
8  DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY
9  JESSICA ZAVALA, and DOES 1-10, were willful, wanton, malicious and
10  oppressive thereby justifying the awarding of exemplary and punitive damages as to
11  said defendants.

12  102. As a proximate result of the acts of Defendants DEPUTY KOLTE
13  PAXSON; SGT. ADRIAN OLMOS; DEPUTY BRYAN EIDENSHINK SR;
14  DEPUTY NATHAN PUCILOWSKY; DEPUTY DWAYNE PERKINS; DEPUTY
15  JESSICA ZAVALA, and DOES 1-10, GRACIANO CEBALLOS suffered multiple
16  gunshot wounds which caused him severe injuries from which he eventually died.

17  103. The above acts of defendants violated GRACIANO CEBALLOS's civil
18  rights as protected by section 52.1 of the Civil Code.

19  104. As such, Plaintiffs' Minors, HC, AC, and adult ASHLEY CEBALLOS
20  are entitled to compensatory damages according to proof, including those permitted
21  by Section 52 of the Civil Code, punitive and exemplary damages, the costs of suit
22  incurred in this action, reasonable attorney's fees as permitted by the Civil Code
23  section 51.7 and 52, and any other additional relief that the court deems proper.

24                              **PRAYER**
25  WHEREFORE, PLAINTIFFS' MINORS, HC, AC, by and through Their
26  Guardian Ad Litem DOLORES HERNANDEZ, and ASHLEY CEBALLOS
27  EDWARD CEBALLOS, and EMMA CEBALLOS, and each of them, hereby
28  demand the following relief, against all of the Defendants:

1. Compensatory general and special damages, including both survival damages and wrongful death damages, in the amount to be proven at trial;

2. For funeral and burial expenses, and loss of financial support;

3. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988; Attorney fees Awards Act of 1976, 42 U.S.C. §1983 and California Civil Code §52;

4. Compensatory general damages for severe emotional distress, anxiety, fear and all other non-economic damages, in the amount to be proven at the time of trial;

5. Punitive and exemplary damages pursuant to California Civil Code §3294 against Defendants DOES 1 to 50 only;

6. Costs of suit necessarily incurred herein;

7. Prejudgment interest according to proof;

8. Pre-Judgment and Post-Judgment interest; and

9. Such other and further relief as the Court deems just and proper.

Dated: October 22, 2020        **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____
HUMBERTO GUIZAR
CHRISTIAN CONTRERAS
Attorneys for Plaintiffs
BY PLAINTIFFS MINORS, HC, AC,
ASHLEY CEBALLOS EDWARD
CEBALLOS, and EMMA CEBALLOS

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: October 22, 2020        **GUIZAR, HENDERSON & CARRAZCO, LLP**

By: _____
HUMBERTO GUIZAR
CHRISTIAN CONTRERAS
Attorneys for Plaintiffs
BY PLAINTIFFS MINORS, HC, AC,
ASHLEY CEBALLOS EDWARD
CEBALLOS, and EMMA CEBALLOS

33

**PLAINTIFFS' COMPLAINT FOR DAMAGES**