# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.C., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00142-JLT-BAK<br><br>ORDER GRANTING MOTION TO WITHDRAW COUNSEL OF RECORD FOR PLAINTIFFS<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE PLAINTIFFS' ATTORNEYS OF RECORD AND UPDATE PLAINTIFFS' ADDRESSES<br><br>ORDER VACATING AUGUST 10, 2022 HEARING<br><br>(ECF Nos. 20, 21, 22, 23) |

Currently before the Court is a motion by counsel Humberto Manuel Guizar to withdraw himself and his law firm, Guizar, Henderson & Carrazco, as counsel of record for Plaintiffs. (ECF No. 42.)  The Court finds this matter suitable for decision without oral argument.  See Local Rule 230(g).  Accordingly, the hearing set for August 10, 2022, will be vacated and the parties will not be required to appear at that time.  Having considered the moving papers, the declaration attached thereto, well as the Court's file, the motion to withdraw as counsel shall be granted.

## I.

## BACKGROUND

On October 22, 2020, Plaintiffs H.C. and A.C., as successors in interest to Graciano

1 Ceballos, by and through their guardians ad litem Dolores Hernandez, Ashley Ceballos, Emma
2 Ceballos, and Edward Ceballos, filed this action in the Superior Court of the State of California,
3 County of Kern.  (ECF No. 2-1 at 2.)  The complaint alleges excessive deadly force by sheriff
4 deputies against Graciano Ceballos, and violations of various federal civil rights and state laws.
5 (ECF No. 2-1 at 2-34.)

6 This action was removed to the United States Court for the Eastern District of California
7 on February 3, 2021.  (ECF No. 2.)  Defendants filed an answer on February 10, 2021.  (ECF No.
8 5.)  A scheduling order issued on April 22, 2021, that was modified on December 8, 2021, and
9 March 17, 2022.  (ECF Nos. 14, 19.)  Currently, the nonexpert discovery deadline expires on
10 August 29, 2022; dispositive motions are due January 16, 2023; and a pretrial conference is set
11 for March 31, 2023.  (ECF No. 19.)  No trial date is set.

12 On June 17, 2022, the instant motion to withdraw as counsel was filed, set for hearing
13 before the District Judge.  (ECF No. 20.)  On the same date, a notice of errata was filed with a
14 corrected proposed order.  (ECF No. 21.)  On June 21, 2022, the Court rest the hearing for
15 August 10, 2022, in Courtroom 9, before the assigned magistrate judge.  (ECF No. 22.)  On July
16 12, 2022, Defendants filed a notice of non-opposition to the motion.  (ECF No. 23.)

**II.**

**LEGAL STANDARD**

19 Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar
20 of California, and the Local Rules of Practice for the United States District Court, Eastern
21 District of California.  See L.R. 182; L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist.,
22 No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012).

23 The California Rules of Professional Conduct provide that if the rules of a court require
24 permission for an attorney to withdraw, the attorney may not withdraw from employment in a
25 proceeding without the permission of such court.  Cal. R. Prof. Conduct 1.16(c).  In addition,
26 counsel must take reasonable steps to avoid prejudicing the rights of the client, including
27 providing notice, allowing time for the client to employ other counsel, and complying with
28 applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).

The Local Rules provide that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court upon noticed motion, along with notice to the client and all other parties who have appeared. L.R. 182(d). The attorney is also required to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Id. Likewise, California's Rules of Court require notice of a motion to withdrawal to be served on the client and other parties who have appeared in the action. Cal. R. Court 3.1362(d).

It is within the Court's discretion whether to grant withdrawal. L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal." Id. (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4). Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

## III.

## DISCUSSION

Reviewing the information as entered on the docket regarding the attorneys that apparently work for, or at some point in the ECF system worked for the law firm of Guizar, Henderson & Carrazco, creates some confusion for the Court in addressing the motion as presented.[1] Currently, the public docket reflects that Plaintiffs have four attorneys: (1) Humberto Manuel Guizar, of the Law Offices of Humberto Guizar, 3500 W. Beverly Blvd., Montebello, CA, 90640; (2) Christian Contreras, of the Law Offices of Christian Contreras, PLC; (3) Angel Carrazco , Jr., of Guizar, Henderson & Carrazco, 18301 Irvine Blvd., Tustin, CA 92780; and (4) Kent Matthew Henderson, of Guizar, Henderson and Carrazco, LLP, 3500 West Beverly Blvd.

---

[1] For all the reasons apparent in this order, counsel Humberto Guizar shall exercise more care in ensuring the dockets for actions his law firm is prosecuting have clearly identified attorneys of record and contact information, and that any motions to withdraw clearly provide notice and identification of the counsel and law firms such motions pertain to.

1  Montebello, CA 90640.  This appears to be a byproduct of the manner these attorneys have their
2  information entered into the system in other cases before this Court.

3        The complaint as filed, in the upper caption, identified all four attorneys as filing this
4  action in the state court under the law firm Guizar, Henderson & Carrazco, LLP.  (ECF No. 2-1
5  at 2.)  The signature lines of the complaint however only contain the names of attorneys
6  Humberto M. Guizar and Christian Contreras, for the law firm Guizar, Henderson & Carrazco,
7  LLP.  (ECF No. 2-1 at 34.)  Angel Carrazco , Jr., and Kent Matthew Henderson do not appear on
8  the signature page.  (Id.)

9        After removal, the scheduling report filed on April 21, 2021, only contained the names of
10  Humberto M. Guizar and Christian Contreras in the caption and signature line, and was only
11  signed by Humberto M. Guizar, for the law firm Guizar, Henderson & Carrazco, LLP.  (ECF No.
12  6.)  The same signature and caption line was on the status report filed August 10, 2021, though
13  with Christian Contreras signing for the law firm.  (ECF No. 10.)  Both stipulations to modify the
14  scheduling order were signed by Christian Contreras for Guizar, Henderson & Carrazco, LLP.
15  (ECF Nos. 13, 18.)  Angel Carrazco , Jr., and Kent Matthew Henderson do not appear on any of
16  these filings.

17        Therefore, it appears that the only law firm that appeared on the filings in this action was
18  Guizar, Henderson & Carrazco, LLP; Humberto M. Guizar and Christian Contreras were the
19  only attorneys that signed filings on behalf of such law firm for the Plaintiffs in this action; and
20  attorneys Angel Carrazco, Jr., and Kent Matthew Henderson, only initially appeared on the
21  caption page of the complaint under the law firm of Guizar, Henderson & Carrazco, LLP.  The
22  Court found it necessary to summarize the above information because, as filed, the motion to
23  withdraw is confusingly drafted by counsel Humberto Guizar, and contains perplexing
24  statements and use of plural forms, when read in conjunction with the current status of the
25  attorneys on the public docket.  (ECF No. 20.)

26        Turning to the motion, the caption does only contain attorneys Humberto Guizar and
27  Christian Contreras, for the law firm Guizar, Henderson, & Carrazco, identified as the attorneys
28  for Plaintiffs.  (ECF No. 20 at 1.)  The notice of motion states: "Humberto Guizar Esq.[,] one of

the attorneys for Plaintiffs . . . will move this Court for an order relieving him and his law firm GUIZAR, HENDERSON & CARRAZCO, L.L.P., as counsel of record for said Plaintiffs." (ECF No. 20 at 2.)  The motion further states: "Humberto Guizar . . . moves this Court for an order relieving him, as counsel of record for said Plaintiffs."  (ECF No. 20 at 3.)  At one point the motion states "Humberto Guizar and co-counsel has [sic] notified the present Plaintiffs telephonically, and by correspondence[,] of perceived problems by their attorneys, Humberto Guizar of Guizar, Henderson & Carrazco . . . Plaintiffs' counsel Humberto Guizar cannot continue to serve as counsel in the present matter."  (Id.)  The filing also reads in part, "Plaintiffs' counsel, Humberto Guizar and his law firm Guizar, Henderson & Carrrazco [sic] LLP, cannot further pursue the prosecution of this case . . . [t]his moving counsel, Humberto Guizar has informed Plaintiffs of this position and has requested that Plaintiffs agree to dismiss him and his law *firms* as *attorneys* of record."  (Id. at 4 (emphasis added).)

The motion concludes that "Humberto Guizar" requests to be excused from representation. (ECF No. 20 at 6.)  Then, the signature line is signed by Humberto Guizar, but the signature line uses the Law Offices of Humberto Guizar, not Guizar, Henderson & Carrazco. (Id. at 6.)  Finally, the proposed order states that Humberto Guizar and his law firm Guizar, Henderson & Carrazco, LLLP, are removed as "attorneys" of record. (ECF Nos. 20-2 at 1, 21.)

While tedious, the Court, utilizing the totality of the filings in this action, finds the motion can appropriately be considered to withdraw the law firm of Guizar, Henderson & Carrazco and all four attorneys that were on the caption page of that filing under the law firm of Guizar, Henderson & Carrazco, LLP, given the complaint and subsequent filings only contained the names of the first two signers, Humberto M. Guizar and Christian Contreras, under the heading of Guizar, Henderson & Carrazco, LLP.

Finally, turning the substantive merits proffered for withdrawal by counsel, Mr. Guizar proffers that: counsel has made an evaluation and recommendations to Plaintiffs regarding how to proceed with this case; that counsel advised Plaintiffs as to important decisions regarding the case; that the recommendations relate to fundamental issues in the case and how such issues are to be resolved; that regretfully, Plaintiffs have refused to follow the advise given by counsel as to

these important decisions and have failed to follow the recommendations of counsel; and that given the failure to follow the recommendations, counsel cannot continue to serve as counsel in this matter. (ECF No. 20 at 3.) Counsel submits he and Plaintiffs are at an impasse with respect to important decisions regarding the prosecution of this action, and given the impasse, counsel cannot further pursue the prosecution of this case on behalf of Plaintiffs. (Id. at 3-4.) Counsel has informed Plaintiffs of this position and has requested Plaintiffs to agree to dismiss him and his "law firms as attorneys of record." (Id. at 4.)

Counsel argues that withdrawal will result in no prejudice to the Plaintiffs' rights as this case has been full investigated; counsel has obtained the related police reports, witness statements, and investigatory documents related to the investigation of the incident; and that prior to the filing if the motion, Plaintiffs' counsel had meaningful discussions as to the outcome of discovery, the significance of the outcome under the applicable law, and has made recommendations regarding prosecution. (Id. at 5.) Counsel emphasizes he is not abandoning Plaintiffs at a critical point, that they have had ample notice, that they have met and conferred regarding withdrawal, counsel requested to withdraw to allow Plaintiffs to seek new counsel, and Plaintiffs have refused to withdrawal. Plaintiffs have been provided with requested documents. (Id.)

Counsel does not cite a specific provision of the California Rules of Professional Conduct. The Court finds three potentially relevant provisions. First, the Rule provides a lawyer may withdraw from representation where: "the client insists upon presenting a claim or defense in litigation . . . that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law." Cal. R. Prof. Conduct 1.16(b)(1). Additionally, the Rule provides that a lawyer may withdraw where: "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(4). Finally, the Rule also provides for broad consideration by the Court that the action is in, and provides that a lawyer may withdraw where: "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Cal. R. Prof. Conduct 1.16(b)(10).

1  In this instance, the Court finds counsel has complied with the substantive and procedural
2 requirements for withdrawal in this matter. L.R. 182(d); Cal. R. Prof. Conduct 1.16. In
3 exercising the Court's discretion on this motion, "[f]actors the Court may consider include: (1)
4 the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to
5 the administration of justice, and (4) delay to the resolution of the case caused by withdrawal."
6 L.S. ex rel. R.S., 2012 WL 3236743, at *2 (citing Canandaigua Wine, 2009 U.S. Dist. LEXIS
7 4238, at *2). In consideration of these factors and the procedural posture of this action, the Court
8 finds the factors weigh in favor of granting the motion and that good cause exists for withdrawal.

9  Specifically, the Court finds counsel has submitted an adequate basis for withdrawal,
10 demonstrating good cause. See Id.; Cal. R. Prof. Conduct 1.16(b)(1), (4), (10). The Court does
11 not find harm to the administration of justice or delay to the resolution of the case to weigh
12 against withdrawal in this instance as counsel has affirmed the completion of preliminary
13 discovery and investigation of the claims; discovery deadlines have not expired; there is
14 significant time before the dispositive motion filing deadline and pretrial conference; and there is
15 no trial date set in this matter. The Court is open to extending certain deadlines or dates if
16 Plaintiffs need additional time to find new counsel or complete any necessary discovery. The
17 Defendants do not oppose the motion so the Court does not find prejudice to other litigants. The
18 Court shall therefore grant the motion to withdraw, and direct the Clerk of the Court to terminate
19 all counsel of record currently appearing on the docket for Plaintiffs.

## IV.

## CONCLUSION AND ORDER

22  Counsel has complied with the procedural and substantive requirements set forth in the
23 California Rules of Professional Conduct and the Local Rule in filing the motion to withdraw
24 from representation of Plaintiffs and the Court finds the factors weigh in favor of granting the
25 motion. Thus, the Court is acting within its discretion to grant the motion to withdraw.
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel Humberto Manuel Guizar's motion to withdraw himself and the law firm of Guizar, Henderson & Carrazco as counsel of record for Plaintiffs (ECF No. 20) is GRANTED;

2. The Clerk of the Court is DIRECTED to terminate Humberto Manuel Guizar, Christian Contreras, Angel Carrazco , Jr., and Kent Matthew Henderson, as attorneys of record for Plaintiffs in this action;

3. The hearing set for August 10, 2022, at 10:00 a.m., in Courtroom 9, is VACATED;

4. The Clerk of the Court is DIRECTED to update the docket to reflect the address of Plaintiffs as H.C. and A.C., by and through Guardians ad Litem: Dolores Hernandez & Ashley Ceballos, 3608 Flower Street #8, Huntington Park, CA 90255; and Emma Ceballos & Edward Ceballos, 409 Crystal Street, Bakersfield, CA 93308; and

5. The Clerk of the Court is DIRECTED to serve a copy of this order on Plaintiffs through their guardians ad litem at such addresses.

IT IS SO ORDERED.

Dated: __**August 5, 2022**__

UNITED STATES MAGISTRATE JUDGE