# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.C., et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>COUNTY OF KERN, et al.,<br><br>          Defendants. | Case No. 1:21-cv-00142-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 27, 28) |

## I.

## INTRODUCTION AND BACKGROUND

Minor Plaintiffs H.C. and A.C., as successors in interest to Graciano Ceballos, by and through their guardian ad litem Dolores Hernandez; and adult Plaintiffs Ashley Ceballos, Emma Ceballos, and Edward Ceballos, proceed in this action alleging excessive deadly force by sheriff deputies against Graciano Ceballos, and violations of various federal civil rights and state laws. (ECF No. 2-1 at 2-34.)

On August 8, 2022, the Court granted a motion for withdrawal of counsel, and Plaintiffs' former counsel were terminated from this action. (ECF No. 25.) The basis of the motion was former counsel's proffer that: counsel had made an evaluation and recommendations to Plaintiffs regarding how to proceed with this case; that counsel advised Plaintiffs as to important decisions regarding the case; that the recommendations relate to fundamental issues in the case and how

1  such issues are to be resolved; that regretfully, Plaintiffs had refused to follow the advice given

2  by counsel as to these important decisions and had failed to follow the recommendations of

3  counsel; that given the failure to follow the recommendations, counsel could not continue to

4  serve as counsel in this matter; and submitted that counsel and Plaintiffs were at an impasse with

5  respect to important decisions regarding the prosecution of this action, and given the impasse,

6  counsel could not further pursue the prosecution of this case on behalf of Plaintiffs.  (See ECF

7  Nos. 20 at 3-4; 25 at 5-6.)

8      Plaintiffs are now proceeding *pro se*.  On September 16, 2022, the Court set a status

9  conference to be held on September 28, 2022, at the Defendants' request.  (ECF Nos. 26, 27.)

10  The order contained information on multiple methods of attending the status conference as well

11  as indicated assistance could be obtained by contacting the Courtroom Deputy, however,

12  Plaintiffs did not appear via videoconference, nor in person at the courthouse, nor did they

13  attempt to contact the Court.  (ECF Nos. 27, 28.)

14      Given Plaintiffs' nonappearance at the September 28, 2022 status conference, on

15  September 28, 2022, the Court issued an order to show cause requiring Plaintiffs to provide a

16  written response by October 12, 2022, and requiring the Plaintiffs' personal appearance in court

17  on October 19, 2022, to show cause to the Court as to why sanctions should not be imposed for

18  the failure to appear at the September 28, 2022 status conference, and for the failure to prosecute

19  this action.  (ECF No. 29.)   The Court's order additionally indicated that the Court would

20  consider vacating the October 19, 2022 hearing if the Court received a sufficient written

21  response.  (Id. at 2 n.1.)  The order stated that the failure to comply with the order would result in

22  the imposition of sanctions, including up to dismissal of this action.  (Id. at 3.)  The order again

23  provided the contact information for the Courtroom Deputy and notified the Plaintiffs that they

24  may contact the Courtroom Deputy with any questions or to obtain assistance in complying with

25  order.  (Id. at 3 n.2.)

26                                    **II.**

27                            **LEGAL STANDARD**

28      The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to

2

secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings.  See, e.g., Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases.  Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court.  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764 (1980).  In order to coerce a party to comply with the Court's orders, the Court may issue sanctions for every day that party fails to respond to the Court's orders to show cause.  See Lasar v. Ford Motor Co., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").  The Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is

1  required to consider several factors: '(1) the public's interest in expeditious resolution of

2  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

3  (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

4  drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423).  These

5  factors guide a court in deciding what to do, and are not conditions that must be met in order for

6  a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

7  1217, 1226 (9th Cir. 2006).

8  ### III.

9  ### DISCUSSION

10  The Ninth Circuit has stated that it "may affirm a dismissal where at least four factors

11  support dismissal… or where at least three factors 'strongly' support dismissal." Yourish v.

12  California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (quoting Hernandez v. City of El

13  Monte, 138 F.3d 393, 399 (9th Cir.1998)).   The Court finds three of the factors strongly support

14  dismissal here.

15  1.   Public Interest in Expeditious Resolution of Litigation and the Court's Need to
      Manage its Docket

16  

17  Defendants have attempted to communicate with Plaintiffs concerning continuing

18  scheduling deadlines but Plaintiffs have not communicated with Defendant.  (ECF Nos. 26, 28.)

19  The Plaintiffs failed to appear at the September 28, 2022 status conference, and have not

20  contacted the Court, despite ample information provided in the order setting the status

21  conference.  (ECF Nos. 27, 28.)  Plaintiffs failed to appear at the October 19, 2022, show cause

22  hearing, and have not contacted the Court.  Accordingly, in this instance, the public's interest in

23  expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor

24  of dismissal.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.

25  This action can proceed no further without Plaintiffs' compliance and their failure to comply

26  indicates that Plaintiffs do not intend to diligently litigate this action.

27  2.   Prejudice to the Defendant

28  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

rebuttable presumption of prejudice to the Defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the Defendants thus weighs in favor of dismissal.  This risk of prejudice may be rebutted if Plaintiffs offer an excuse for the delay.  In re Eisen, 31 F.3d at 1453.  Given Plaintiffs failures to appear and absence of any contact with the Court, the Court finds Plaintiffs have failed to rebut the presumption of the risk of prejudice to Defendants.  Accordingly, the Court finds the risk of prejudice to the Defendants also weighs in favor of dismissal.  Morris v. Morgan Stanley & Co., 942 F.2d 648, 651 (9th Cir. 1991) ("failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.") (quoting Anderson v. Air West, Inc., 542 F.2d 522 (9th Cir.1976)).

3.   Public Policy in Favor of Deciding Cases on the Merits

The Court finds this factor weighs slightly against dismissal.  However, the Court finds on the whole, the public policy in favor of deciding cases on their merits is outweighed by the factors in favor of dismissal.  It is Plaintiffs' responsibility to move this action forward.  In order for this action to proceed, Plaintiffs are required to communicate with the Defendants, and comply with the Court's orders.  Despite being ordered to do so and the Court granting opportunities to address this action before the Court, Plaintiffs have not done so, and this action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, this factor does not outweigh Plaintiffs' failure to comply with the Court's orders and failure to prosecute.

4.   Availability of Lesser Sanctions

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.

The Court's September 28, 2022 order expressly warned that the failure to provide a written response by October 12, 2022, and to appear at the October 19, 2022 show cause hearing, would result in the issuance of sanctions, including up to dismissal of this action.  Thus, Plaintiffs had warning that dismissal may result from noncompliance with the Court's orders, and the Court provided various methods of attending the hearings, and to contact the Court, but

1   Plaintiffs did not appear or file a written response as ordered to do so.

2       5.      The Court finds the Factors Weigh in Favor of Dismissal

3       The Court finds that the balance of the factors weighs in favor of dismissing this action

4   for Plaintiff's failure to comply with the Court's orders and for failure to prosecute.  The Court

5   shall recommend that this action be dismissed for failure to prosecute and failure to comply with

6   the Court's orders.

7                                         **IV.**

8                              **RECOMMENDATION**

9       In considering the factors to determine if this action should be dismissed, the Court finds

10  that the factors weigh in favor of dismissal of this action, and that this action should be dismissed

11  for Plaintiffs' failure to obey the Court's orders, and failure to prosecute this action.

12      Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed for

13  Plaintiffs' failure to comply with the Court's orders and failure to prosecute.

14      These findings and recommendations are submitted to the district judge assigned to this

15  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**

16  **(14) days** of service of this recommendation, Plaintiff may file written objections to the findings

17  and recommendations with the court.  Such a document should be captioned "Objections to

18  Magistrate Judge's Findings and Recommendations."  The district judge will review the

19  magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

20  Plaintiff is advised that failure to file objections within the specified time may result in the

21  waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing

22  Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24  IT IS SO ORDERED.

25  Dated:   **October 19, 2022**

         UNITED STATES MAGISTRATE JUDGE

26

27

28

6